## R. W. MORRIS v. R. H. RANNEY.

1. The rulings in the "Emancipation Cases," reported in 31 Texas, 504 *et seq.*, respecting the date at which slavery was abolished in Texas, are questioned in this case.
2. This suit was instituted upon a promissory note given for services of negroes, rendered after the proclamation of emancipation. *Held,* that the question as to whether or not the negroes were free from and after the proclamation of emancipation, is immaterial in this case. The services having been rendered, the plaintiff is entitled to recover, but whether for his own use or as trustee for the negroes, is left an open question.

ERROR from Guadalupe. Tried below before the Hon. J. J. Thornton.

The opinion of the court sufficiently indicates the material facts of the case.

No briefs for either side have reached the hands of the reporter.

WALKER, J. This is an action on a promissory note made for the hire of slaves after the proclamation of emancipation.

Were this case presented to the court for the first time, we should regard it as one surrounded with many difficulties. The question was re-argued to the court at the last term, with the same consummate ability which characterized the dissenting opinion of his Honor, Judge Hamilton, in the emancipation cases reported in 31 Texas, 504 *et seq.*

It may scarcely appear consistent in the writer of this opinion, if he should criticise the opinion of the majority of. the court in Hall *v.* Keese, 31 Texas, 504, and yet consent to adopt it as the law.

The question presented was a troublesome one. Did the Emancipation Proclamation of the President, practically inoperative at the time of its promulgation, but afterwards enforced, free the slaves from its date; or was it left for a

subordinate officer, who came to occupy the country at the close of the war, practically to fix the date of emancipation; or was slavery abolished by the Thirteenth Amendment to the Constitution of the United States? Which is the true date, the 1st day of January, 1863, the 1st day of February, 1865, or the 19th of June, 1865?

It is not necessary for us in this case to answer these questions.

The plaintiff in error is entitled to a judgment on the note, in our view, whether the negroes were free or not. They performed the services which they were hired to perform; but whether the plaintiff in error will hold the money in his own right, or as trustee for the negroes, is a question dependent upon the question, whether the negroes were free or slaves at the time they performed the service. We will not at this time disturb the previous rulings of the court, divided as it was, hoping that these difficult and troublesome matters shall soon cease to trouble the tribunals of the country. The judgment of the District Court is reversed, and the cause remanded. The court will enter a similar judgment in No. 809.

Reversed and remanded.